## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Framing Systems, Inc.<br>13225 Lakewood Heights Blvd.<br>Cleveland, OH 44107<br><br>    Plaintiff,<br><br>v.<br><br>Beztak Land Company,<br>31731 Northwestern Highway<br>Suite 250W<br>Farmington Hills, MI 48334<br><br>Maple Elm Development Company II, LLC<br>31731 Northwestern Highway<br>Suite 250W<br>Farmington Hills, MI 48334<br><br>    Defendants. | Case No.: 23-cv-12981<br><br>**COMPLAINT** |

## COMPLAINT

Framing Systems, Inc. ("Plaintiff" or "FSI"), files this Complaint against Beztak Land Company ("Beztak" or "Contractor"), and Maple Elm Development Company II, LLC ("Maple Elm" or "Owner") (collectively "Defendants"), alleging and averring the following:

## **PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff FSI is a company incorporated in Ohio with its principal place of business in Cuyahoga County, Ohio.

2. Defendant Beztak is a for profit corporation incorporated in Michigan with its principal place of business located at 31731 Northwestern Highway, Suite 250W, Farmington Hills, MI 48334.

3. Defendant Maple Elm is a for profit corporation incorporated in Michigan with its principal place of business located at 31731 Northwestern Highway, Suite 250W, Farmington Hills, MI 48334.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states.

5. This Court has personal jurisdiction over Defendants based on their residency within the State of Michigan.

6. Venue properly lies in this Court under 28 U.S.C. §1391 as (i) both Defendants are citizens of this District; (ii) both Defendants solicit and/or conduct business in this District; and (iii) a substantial portion of the events or omissions giving rise to FSI's claims (i.e. Owner's and Contractor's performance on the construction project) occurred within the District.

## S<span style="font-variant:small-caps">tatement of</span> F<span style="font-variant:small-caps">acts</span>

7. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

8. FSI is a subcontractor on the All Seasons Birmingham Phase 2 project (the "Project") located at 219 Elm Street, Birmingham, Michigan (the "Property").

9. Maple Elm, the owner of the Project, contracted with Beztak to serve as the general contractor for the Project.

10. On June 30, 2022 Beztak executed a subcontract agreement with FSI to supply materials and perform labor and other services for the Project, including, without limitation, structural light gauge bearing metal, floor and roof trusses, roof decks, structural steel, non-aluminum miscellaneous materials, and metal stairs in exchange for compensation (the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as **Exhibit A**. The Subcontract incorporates additional documents by reference, which are too voluminous to include and are already in Defendant's possession.

11. FSI performed all of its obligations under the Subcontract.

12. As the work progressed, Beztak failed to submit timely payment to FSI for its work on the Project.

13. During the Project, an insured loss occurred that resulted in additional work being added to FSI's scope.

14. Upon information and belief, this additional work was covered under Maple Elm's builder's risk insurance policy.

15. FSI reviewed the loss, compiled cost estimates, and submitted its findings to Maple Elm for authorization to perform the added scope that resulted from the covered loss.

16. Upon information and belief, Maple Elm delivered FSI's estimate and work proposal to its builder's risk carrier for review and authorization, which it received.

17. FSI completed all additional work required to correct the loss and is entitled to payment.

18. On June 15, 2023, Owner's Builder's Risk insurer, AGCS Marine Insurance Company ("Allianz") issued an insurance check, No. 297038 9 ("Insurance Check") to Maple Elm in the amount of $137,974.54 ("Insurance Proceeds") to cover FSI services. A true and accurate copy of the Insurance Check is attached hereto as **Exhibit B.**

19. Upon information and belief, the Insurance Check was payable to Maple Elm but was actually delivered to Beztak Companies, a related entity.

20. Upon information and belief, Maple Elm or Beztak deposited the Insurance Check into their own account and retained the Insurance Proceeds intended to fund FSI's work on the Project.

21. FSI demanded that the Insurance Check and the Insurance Proceeds be released to it, but both Beztak and Maple Elm refused.

### COUNT I
### BREACH OF CONTRACT
### (AGAINST BEZTAK)

22. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

23. The Subcontract is a valid and enforceable contract.

24. FSI has completed all work required under the Subcontract.

25. All conditions precedent to FSI's right to full and complete payment under the Subcontract have occurred or have been performed.

26. Beztak has materially breached the Subcontract by, without limitation, failing to pay FSI all amounts to which FSI is entitled under the Subcontract.

27. As a result of Beztak's material breaches, FSI has suffered damages in the principal amount of $857,448.54, exclusive of interest, subject to amendment and escalation.

### COUNT II
### QUANTUM MERUIT
### (AGAINST BEZTAK & MAPLE ELM)

28. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

29. By providing materials and performing its scope of work on the Project, FSI conferred a benefit upon the Property, Beztak, and Maple Elm.

30. The benefit conferred is valued at an amount no less than the full value for all work or services rendered.

31. Maple Elm and Beztak had knowledge of and consented to the benefit conferred.

32. Retention of the benefit conferred upon the Property, Beztak, and Maple Elm, without payment to FSI of the remaining principal balance of $857,448.54, would yield an unjust result.

33. FSI is entitled to recover as damages the amount of $857,448.54 (i.e. the uncompensated portion of the benefit conferred), subject to amendment and escalation.

## COUNT III
### UNJUST ENRICHMENT
### (AGAINST BEZTAK & MAPLE ELM)

34. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

35. Beztak and/or Maple Elm have received a benefit in the form of and/or flowing from the services provided by FSI. Additional benefits conferred upon Beztak and/or Maple Elm flowing from the services include, without

limitation, increased value to the Property, and Insurance Proceeds intended to compensate for FSI's work.

36. By failing to fully compensate FSI for services provided, Beztak and/or Maple Elm have been unjustly enriched.

37. FSI is entitled to recover as damages the value of Beztak and/or Maple Elm's unjust enrichment in an amount greater than $857,448.54, subject to amendment and escalation, to be proven at trial.

## COUNT IV
## CONVERSION
## (AGAINST BEZTAK AND MAPLE ELM)

38. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

39. FSI has had at all relevant times during the Project a legal and equitable ownership interest and right to possess the Insurance Check and applicable Insurance Proceeds issued by Allianz.

40. FSI demanded from the Defendants the return or payment of the Insurance Proceeds intended to fund FSI's work.

41. Defendants have refused to provide FSI the Insurance Check or applicable Insurance Proceeds.

42. Defendants converted the Insurance Check and/or Insurance Proceeds by, without limitation:

    a.    Refusing to provide or pay to FSI the Insurance Check or Insurance Proceeds intended to partially fund FSI's work;

    b.    depositing and/or authorizing the deposit of the Insurance Check without FSI's consent or endorsement;

    c.    continuing to exercise dominion or control over the Insurance Proceeds and interfering with FSI's interest in applicable Insurance Proceeds.

43. The Defendants and/or their authorized agents intentionally, knowingly, tortuously or otherwise unlawfully retained, deposited, converted, and/or exerted continued dominion and control over the Insurance Check and applicable Insurance Proceeds for the purpose of financially benefiting or receiving a financial windfall, notwithstanding FSI's clear entitlement to the funds.

44. Such actions were willful, wanton, fraudulent, malicious, or prompted by ill motive or insult, or were otherwise aggravated such that the Defendants are liable to FSI for (i) punitive damages in an amount to be determined at trial and (ii) attorneys' fees.

45. As a result of the Defendants' conversion of the Insurance Check and applicable Insurance Proceeds, FSI has been damaged and is entitled to compensatory damages in an amount in excess of $137,974.54, plus punitive or exemplary damages, and attorneys' fees, all to be proven at trial.

## COUNT V
### STATUTORY CONVERSION- MCL 600.2919A
### (AGAINST BEZTAK AND MAPLE ELM)

46. FSI realleges and incorporates by reference the allegations made in the foregoing paragraphs as if fully rewritten herein.

47. FSI has had at all relevant times during the Project a legal and equitable ownership interest and right to possess the Insurance Check and applicable Insurance Proceeds issued by Allianz.

48. FSI demanded from the Defendants the return or payment of the Insurance Proceeds intended to fund FSI's work.

49. Defendants have refused to return the Insurance Check or pay FSI the Insurance Proceeds.

50. Defendants have converted the Insurance Check and Insurance Proceeds, and did so for their own personal use.

51. As a result of Defendants willful and wonton conversion of the Insurance Check and Insurance Proceeds, FSI has been damaged and is entitled to statutory damages in an amount three times FSI's actual damages, plus costs and attorney's fees, all to be proven at trial.

WHEREFORE, FSI requests the following relief:

(i) On Each Respective Count of the Complaint.

a. Count I: a judgment against Beztak for damages in the principal amount of $857,448.54, subject to amendment and escalation;

b. Count II: a judgment against Beztak and/or Maple Elm for damages in the amount of $857,448.54 (i.e. the uncompensated portion of the benefit conferred upon the Property and Beztak), subject to amendment and escalation;

c. Count III: a judgment against Beztak and/or Maple Elm for damages equal to the value of Beztak's unjust enrichment and in an amount greater than $857,448.54, subject to amendment and escalation, to be proven at trial;

d. Count IV: judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $137,974.54, plus punitive or exemplary damages, all amounts to be proven at trial;

e. Count V: judgment against Defendants, jointly and severally, for statutory damages in an amount of

    $413,932.62, plus costs and attorney's fees, all amount to be proven at trial;

(ii) On All Counts:

 a. an award of attorneys' fees, costs and expenses of this dispute, and pre- and post-judgment interest as permitted by the parties' Subcontract or as otherwise permitted by law; and

 b. such other and further relief as is just and proper.

       Respectfully submitted,

       /s/*David R. Stechow*
       David R. Stechow (P56052)
       Marissa Brunetti (P85316)
       Plunkett Cooney
       Attorney for Plaintiff
       150 W. Jefferson, Suite 800
       Detroit, MI 48226
       (248)901-4007
       Dstechow@plunkettcooney.com
       Mbrunetti@plunkettcooney.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I have mailed by United States Postal Service, and sent by e-mail to any parties that are not ECF participants.

PLUNKETT COONEY

_____
DAVID R. STECHOW (P56052)
Attorney for Defendant
150 W. Jefferson, Ste 800
Detroit, MI 48226
(248) 901-4007
dstechow@plunkettcooney.com

Open.P0610.P0610.32189940-1